IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES MCCOY,

    Petitioner,                                 CASE NO. 2:08-cv-1051
                                                    JUDGE MARBLEY
v.                                                      MAGISTRATE JUDGE KEMP

MICHAEL SHEETS, Warden,

    Respondent.

**OPINION AND ORDER**

On April 30, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for a certificate of appealability is **GRANTED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this case as time-barred. He contends that Attorney Sanderson, who represented him in Rule 26(B) proceedings, acted in a grossly negligent manner and abandoned him by failing to notify him of the state appellate court's May 2006, denial of his Rule 26(B) application or communicate with him thereafter, and failing to advise petitioner of the procedure for filing an appeal with the Ohio Supreme Court or in federal habeas corpus proceedings. *See Objections*, at 2-3. Petitioner again contends that equitable tolling applies because

circumstances beyond his control prevented him from filing a timely §2254 petition. He argues that the factors set forth in *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003), support equitable tolling of the statute of limitations in this case. *See id.*, at 3-5.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. Upon careful consideration of the entire record, this Court is not persuaded by petitioner's arguments. The statute of limitations expired March 18, 2007. Petitioner waited more than one year and seven months later, until November 6, 2008, to file his habeas corpus petition. Further, and contrary to petitioner's allegation here, the record does not reflect he was abandoned by counsel in the filing of his habeas corpus petition, or otherwise, or that his attorney acted in such an improper manner that he is entitled to equitable tolling of the statute of limitations for the time period at issue. The record fails to reflect that petitioner acted diligently in pursuing relief or that he lacked notice or constructive knowledge of the one-year filing requirement in federal habeas corpus proceedings.

Therefore, for these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner has requested a certificate of appealability. Where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id*. at 485.  The court may first "resolve the issue whose answer is more apparent from the record and arguments."  *Id.*

This Court is persuaded that reasonable jurists would debate whether the petition states a valid claim of the denial of a constitutional right and whether this Court properly dismissed the petition as time-barred.  Therefore, the Court certifies the following issue for appeal:

> Did the Court properly dismiss this action as barred by the one-year statute of limitations under 28 U.S.C. §2244(d)?

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge